*Donald J. Trump v. United States of America*, No. 22-13005

No. 22-13005

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE ELEVENTH CIRCUIT

DONALD J. TRUMP,

Plaintiff-Appellee,

v.

UNITED STATES OF AMERICA,

Defendant-Appellant.

On Appeal from the United States District Court
for the Southern District of Florida

## MOTION TO EXPEDITE APPEAL

JUAN ANTONIO GONZALEZ
  *United States Attorney*
  *Southern District of Florida*
  *99 NE 4th Street, 8th Floor*
  *Miami, FL 33132*
  *305-961-9001*

MATTHEW G. OLSEN
  *Assistant Attorney General*

JAY I. BRATT
  *Chief, Counterintelligence and Export*
*Control Section*
JULIE EDELSTEIN
SOPHIA BRILL
JEFFREY SMITH
  *Attorneys*
  *National Security Division*
  *U.S. Department of Justice*
  *950 Pennsylvania Ave., NW*
  *Washington, DC 20530*
    *202-233-0986*

*Donald J. Trump v. United States of America*, No. 22-13005

## CERTIFICATE OF INTERESTED PERSONS AND CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Eleventh Circuit Rules 26.1-1 and 27-1(a)(9), the undersigned hereby certifies that the following have an interest in the outcome of this case:

American Broadcasting Companies, Inc. (DIS)

Associated Press

Bloomberg, LP

Bratt, Jay I.

Brill, Sophia

Cable News Network, Inc. (WBD)

Cannon, Hon. Aileen M.

Caramanica, Mark Richard

CBS Broadcasting, Inc (CBS)

Corcoran, M. Evan

Cornish, Sr., O'Rane M.

Dearie, Hon. Raymond J.

Dow Jones & Company, Inc. (DJI)

Edelstein, Julie

Eisen, Norman Larry

E.W. Scripps Company (SSP)

*Donald J. Trump v. United States of America*, No. 22-13005

Finzi, Roberto

Fischman, Harris

Former Federal and State Government Officials

Fugate, Rachel Elise

Gonzalez, Juan Antonio

Gray Media Group, Inc. (GTN)

Gupta, Angela D.

Halligan, Lindsey

Inman, Joseph M.

Karp, Brad S.

Kessler, David K.

Kise, Christopher M.

Knopf, Andrew Franklin

Lacosta, Anthony W.

LoCicero, Carol Jean

McElroy, Dana Jane

Minchin, Eugene Branch

NBC Universal Media, LLC (CMCSA)

Patel, Raj K.

Rakita, Philip

Reeder, Jr., L. Martin

*Donald J. Trump v. United States of America*, No. 22-13005

Reinhart, Hon. Bruce E.

Rosenberg, Robert

Seidlin-Bernstein, Elizabeth

Shapiro, Jay B.

Shullman, Deanna Kendall

Smith, Jeffrey

The New York Times Company (NYT)

The Palm Beach Post

Times Publishing Company

Tobin, Charles David

Trump, Donald J.

Trusty, James M.

United States of America

Wertheimer, Fred

WP Company, LLC


Dated:     September 30, 2022                    /s/ Sophia Brill
                                                Sophia Brill

*Donald J. Trump v. United States of America*, No. 22-13005

## UNITED STATES' MOTION TO EXPEDITE APPEAL

The United States respectfully requests that this Court expedite this appeal and suggests the following briefing schedule, with no extensions permitted:

October 14, 2022: Opening Brief for Defendant-Appellant United States

November 4, 2022: Response Brief for Plaintiff-Appellee Donald J. Trump

November 11, 2022: Reply Brief for Defendant-Appellant United States

The United States also asks this Court to set this matter for oral argument at its earliest convenience, whether that be on the first available calendar after the end of the expedited briefing schedule or through a special sitting. Plaintiff-Appellee Donald J. Trump ("Plaintiff") opposes the relief sought in this motion.

Under 11th Circuit Rule 27, I.O.P. 27, there is good cause to expedite this appeal. To begin, the two key questions presented here are legal in nature; this appeal does not require review of an extensive factual record. Further, the parties have already briefed the disputed legal issues thoroughly in the district court and, to a significant degree, in the recent stay litigation before this Court. *See Trump v. United States*, 2022 WL 4366684 (11th Cir. Sept. 21, 2022) (per curiam). Those proceedings have occurred on compressed timeframes without hindering the parties' ability to present their positions. Expediting this appeal will also serve judicial efficiency because a ruling in the government's favor may render further proceedings before the special master and the district court unnecessary. Finally, expediting the appeal would serve the interests of justice because the portions of the district court's injunction that have not been stayed

*Donald J. Trump v. United States of America*, No. 22-13005

restrict the government's ability to vindicate the strong public interest in proceeding expeditiously with the criminal and national security investigation that underlies these proceedings.

In support of the motion, the government states:

1.      On August 8, 2022, the government executed a lawfully issued search warrant seeking records that may have been unlawfully retained at a residence belonging to Plaintiff—the former President of the United States—after his tenure in office, including government records bearing classification markings. On August 22, Plaintiff filed a "Motion for Judicial Oversight and Additional Relief" asking the district court to appoint a special master to consider potential claims of executive and attorney-client privilege, and to enjoin the government from using the seized documents to advance its criminal investigation in the meantime. Dist. Ct. Docket Entry ("D.E.") 1. Between August 22 and August 31—a span of nine days—the parties fully briefed the dispute, following an accelerated briefing schedule set by the district court. *See* D.E. 28, 29, 48, 58.

2.      On September 1, the district court heard argument on the motion. On September 5, the court granted Plaintiff's motion in part. D.E. 64. The court ordered the appointment of a special master to review all of the seized property and to recommend how to rule on Plaintiff's privilege assertions. *Id.* at 1, 23. The court also enjoined the government from reviewing or using the seized materials for criminal investigative purposes pending the special master proceedings, although it allowed the

*Donald J. Trump v. United States of America*, No. 22-13005

government to "continue to review and use the materials seized for purposes of intelligence classification and national security assessments." *Id.* at 23-24.

3.      The government filed a notice of appeal three days later, on September 8. D.E. 68. On the same day, the government moved in the district court for a partial stay of the court's ruling pursuant to Federal Rule of Appellate Procedure 8(a)(1), as applied to the subset of approximately 100 seized records that bear classification markings. D.E. 69. The government argued that it was likely to succeed on the merits both as to the court's lack of jurisdiction and as to Plaintiff's inability to make any plausible assertion of privilege as to those records bearing classification markings. The government further argued that the district court's injunction caused irreparable harm because it constrained the government's ability to assess and mitigate the national security risks arising from the improper storage of classified records and because the injunction hindered the government's ability to conduct its criminal investigation. Plaintiff filed a response on September 12, D.E. 84, and the government filed a reply on September 13, D.E. 88. The district court denied the partial stay request on September 15. D.E. 89.

4.      The next day, on September 16, the government sought a stay of the district court's injunction from this Court under Federal Rule of Appellate Procedure 8(a)(2), to the extent the injunction related to records bearing classification markings. Once again, the parties presented full briefing based on accelerated deadlines directed by the Court: Plaintiff filed his response on September 20, and the government's reply followed that same day.

3

*Donald J. Trump v. United States of America*, No. 22-13005

5.      The following day, on September 21, this Court granted the government's motion, staying the district court's order as to documents bearing classification markings. *Trump*, 2022 WL 4366684. The three-judge panel unanimously found that the government had a substantial likelihood of success on the merits because the district court lacked jurisdiction under binding Circuit precedent. *Id.* at *7 (citing *Richey v. Smith*, 515 F.2d 1239 (5th Cir. 1975)). Specifically, in the "absence" of any showing that "the United States acted in callous disregard of [Plaintiff's] constitutional rights"—a factor that is "indispensab[le]" under *Richey*—the panel concluded that "the district court abused its discretion in exercising equitable jurisdiction." *Id.* The panel also found that the district court's injunction caused the government irreparable harm by constraining its ability to protect national security and to conduct its criminal investigation. *See id.* at *10-12.

6.      On September 26, this Court set a briefing schedule for the parties, which provides that the United States shall file its initial brief by October 19, followed by Plaintiff's brief 30 days later, November 18. The government then has 21 days to file its reply. Barring any request from Plaintiff for an extension of time, briefing would be complete by December 9. However, if Plaintiff were to request and receive any extensions of time, briefing could well stretch into 2023 (even if the government files its briefs before its allotted deadlines).

7.      During the pendency of this appeal, the district court appointed the Hon. Raymond J. Dearie as special master. D.E. 91. The district court's order appointing

*Donald J. Trump v. United States of America*, No. 22-13005

Judge Dearie directed him to "proceed with all reasonable diligence and to conclude his review and classifications by November 30, 2022, subject to modification if necessary as proposed by the Special Master." D.E. 91 at 5. Judge Dearie then issued a case management plan requiring the parties to submit documents for his review on a rolling basis. D.E. 112. However, that process has already encountered delay due to difficulties engaging a vendor to facilitate the document review process. *See* D.E. 121 (request by the government to contract directly with a vendor in light of issues encountered by Plaintiff). On September 29, subsequent to the parties' submission of letters to Judge Dearie, the district court *sua sponte* issued an order extending the deadline for the special master's review process to December 16 and making other modifications to the special master's case management plan, including overruling the special master's direction to Plaintiff to submit his designations on a rolling basis. D.E. 125.

8.      There is good cause to expedite this appeal for several reasons. First, this appeal does not require the parties or the Court to analyze an extensive factual record. Instead, this appeal presents two questions of law: (1) whether the district court erred by exercising equitable jurisdiction over Plaintiff's motion; and (2) whether the district court erred by granting a preliminary injunction barring the government from reviewing or using evidence seized pursuant to a search warrant in an ongoing criminal investigation, pending a months-long special master process to consider, *inter alia*, Plaintiff's executive privilege claims. Indeed, when the United States moved this Court to partially stay the district court's order, a three-judge panel was able to review and to

5

*Donald J. Trump v. United States of America*, No. 22-13005

comprehensively summarize the factual and procedural history of this matter within six days of the stay motion being filed. *See Trump*, 2022 WL 4366684.

9.      Second, the parties have already briefed these legal disputes thoroughly, including analyzing the most pertinent authorities, when litigating Plaintiff's motion in district court. Additionally, although the government's partial stay motions pertained specifically to seized records bearing classification markings, the government's arguments regarding jurisdiction and the legal viability of any privilege assertions overlap substantially with its arguments pertaining to all seized records. The parties briefed these issues on compressed schedules directed first by the district court and then by this Court. Given that the appeal will concern the same issues and, for the most part, the same case law and statutory authorities, there is little reason to give the parties nearly three or more months to brief their well-established positions.

10.     Third, expediting this appeal will serve the interests of judicial economy. The motions panel concluded that Plaintiff's uncontested failure to make a showing as to the first factor set forth in *Richey* "is reason enough to conclude that the district court abused its discretion in exercising equitable jurisdiction here." *Trump*, 2022 WL 4366684, at *7. Although the panel's determination related specifically to the documents bearing classification markings, its reasoning arguably applies more broadly. If this Court agrees that the district court lacked jurisdiction, further proceedings before the special master and district court would end. Alternatively, if this Court upholds the district court's exercise of jurisdiction but concludes that Plaintiff cannot assert

*Donald J. Trump v. United States of America*, No. 22-13005

executive privilege against the Executive Branch in these circumstances, as the government maintains, such a ruling would substantially narrow the special master proceedings. Absent such resolution by this Court, the special master proceedings could result in prolonged litigation, including through seriatim appeals to the district court from reports and recommendations and other rulings issued by the special master. *See* D.E. 91 at 6 (parties may contest any "scheduling plans, orders, reports, or recommendations" issued by the special master).

11.    Finally, an expedited appeal would serve the interests of justice. Based on the district court's orders thus far, the government is barred from accessing all of the materials except those with classification markings recovered in August pursuant to a lawful search warrant—and it may continue to be barred from doing so until mid-December or later. To be sure, the government sought a partial stay of the district court's September 5 order only as it pertained to records bearing classification markings because those aspects of the order caused the most serious and immediate harm to the government and the public. And the motions panel agreed that the injunction against the government's review and use of those records for criminal investigative purposes "risks imposing real and significant harm on the United States and the public." *Trump*, 2022 WL 4366684, at *11. Even if not to the same degree, such harms persist with respect to the district court's injunction against the government's review and use of thousands of remaining documents and other materials that were recovered pursuant to a court-authorized search and may constitute evidence of crimes. The government is

*Donald J. Trump v. United States of America*, No. 22-13005

thus unable to examine records that were commingled with materials bearing classification markings, including records that may shed light on, for example, how the materials bearing classification markings were transferred to Plaintiff's residence, how they were stored, and who may have accessed them. The records not marked as classified may also constitute evidence of potential violations of 18 U.S.C. § 1519 (obstruction) and 18 U.S.C. § 2071 (concealment or removal of government records). In short, an expedited schedule for briefing and argument may enable the government, if it is successful in this appeal, to more quickly resume its full investigation without restraints on its review and use of evidence seized pursuant to a lawful search warrant.

12.    The government therefore proposes the following briefing schedule and asks the Court to specify that no extensions shall be granted to either party:

October 14, 2022: Opening Brief for Defendant-Appellant United States

November 4, 2022: Response Brief for Plaintiff-Appellee Donald J. Trump

November 11, 2022: Reply Brief for Defendant-Appellant United States

13.    This schedule would afford the government 14 days from the present (or 18 days from the date of the Court's scheduling order) to submit its opening brief and would afford Plaintiff 21 days to submit his response. It would truncate the government's time to submit its reply from 21 days to 7.

14.    For similar reasons, the government respectfully requests that the Court hear argument on this appeal at its earliest convenience, whether that be on the first

*Donald J. Trump v. United States of America*, No. 22-13005

available calendar after the end of the expedited briefing schedule or through a special sitting.

15.    Counsel for the United States has conferred with Plaintiff's counsel, Christopher M. Kise, who states that Plaintiff opposes the relief requested in this motion.

In sum, the United States respectfully requests that the Court expedite this appeal for the good cause shown in this Motion.

Respectfully submitted,

JUAN ANTONIO GONZALEZ
*United States Attorney*
*99 N.E. 4th Street, 8th Floor*
*Miami, FL 33132*
*(305) 961-9001*

MATTHEW G. OLSEN
*Assistant Attorney General*

JAY I. BRATT
*Chief, Counterintelligence and Export Control Section*
JULIE EDELSTEIN
SOPHIA BRILL
JEFFREY SMITH
*Attorneys*
*National Security Division*
*U.S. Department of Justice*
*950 Pennsylvania Ave., NW*
*Washington, DC 20530*
*202-233-0986*

*Counsel for Appellant*

September 30, 2022

*Donald J. Trump v. United States of America*, No. 22-13005

# CERTIFICATE OF COMPLIANCE

This motion complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 2,132 words. This motion complies with the typeface and type-style requirements of Federal Rules of Appellate Procedure 27(d)(1)(E) and 32(a)(5)-(6) because it was prepared in a proportionally-based typeface using Microsoft Word 2016, 14-point Garamond.

*/s/ Sophia Brill*
Sophia Brill

*Donald J. Trump v. United States of America*, No. 22-13005

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2022, I electronically filed the foregoing motion with the Clerk of the Court for the United States Court of Appeals for the Eleventh Circuit by using the appellate CM/ECF system. Participants in the case are registered CM/ECF users, and service will be accomplished by the appellate CM/ECF system.

/s/ *Sophia Brill*
Sophia Brill