UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

DONALD J. TRUMP,

versus

No. 22-13005 -DD
U.S.D.C., S.D.FL. 9:22-cv-81294-AMC
(Court copy or Westlaw, not identical)

UNITED STATES OF AMERICA

MARK MARVIN, State Agent

PLEASE TAKE JUDICIAL NOTICE OF PLAIN ERROR

MARK MARVIN, as State Agent, Someone Petitioner (*Coolidge v. New Hampshire,* 403 U.S. 443, 487, 91 S.Ct. 2022, 2049; and responsible citizen, *Miranda v. Arizona,* 1966, 384 U.S. 436, 477-478, 86 S.Ct. 1602, 1629, *Darr v. Birford,* 339 U.S. 200, 203, 70 S.Ct. 587, 590, "Rule 52(b) [Fed. Rule Crim. Proc. ] ) hereby moves this honorable court as Judicial notice of plain error, and by motion or *sua sponte* for dismissal of its order, in the public interest for the following reasons:

1, This honorable court granted to stay district court order pending appeal. (Trump v. U.S., 2022 WL 436684) This court errs to wit:

2, This court recognizes its reluctance to intrude upon the authority of the Executive (Id, [17]) and "officials with declassification authority" (Id. [14], p. 10) particularly "the Executive Branch" (Id. [14] p. 10) and the court describes the authority of the President through executive orders to specify the procedures for declassification of classified documents. (Executive Order 13,526 p. 10)

3, The plain error is that this Court forgot that during the events identified as felonies in this instant indictment, Donald Trump was the

Executive who had all this executive authority regarding records.

4, Further, plain error occurs when the court identifies all these "one hundred" of documents as "classified documents." (Id. p. 7,8 [9] [10, 11, 13, 14, 17, 18, 19, 20] ) The court has no way of knowing this.

5, "Plaintiff suggests that he may have declassified these documents when he was President…. The declassification argument is a red herring because declassifying an official document would not change its content or render it personal… even if we assumed that Plaintiff did declassify some or all of the documents, that would not explain why he has a personal interest in them." (Id. p. 8 [9]) This is plain error as this court has no understanding of the law regarding documents.

6, This court commits plain error in its holding that "the current administration waived the requirement" regarding "need to know" depriving the president of his Constitutional right to control documents. The current administration has nothing to say about what President Trump may have declassified, and the Obama Executive order is not binding on President Trump, who was a separate but equal executive, not under President Obama's authority.

7, It is questionable whether Joseph Biden (as current administration) is President because he perjured his oath to faithfully execute the office of the presidency when he was probably operating a family RICO business selling influence for $30 to 40 million to foreign interests, an ultimate bad faith disqualifying him as President.

8, It is well established that the real President has authority to classify or declassify government documents, and that the real President "shall take all such steps as may be necessary to (document) performance of

the President's duties." (44 U.S.C. 2203(a)) "(T)he President has broad authority to classify and declassify ... and control access to information bearing on national security... ." (*Dept. of Navy v. Egan*, 484 U.S. 518, 527, (1988) The Court of Appeals (Second Circuit) held that declassification cannot occur unless (appropriately followed, fn. 76) procedures in the Obama Executive Order 13,526 are followed. (*N.Y. Times v. C.I.A.*, 965 F.3d 109, 122-23, 2020 WL 3863087) However President Trump can formulate his own executive order or is otherwise not constrained to follow ex-President Obama's order.

    9, According to the Presidential Records Act (PRA) "Prior to the conclusion of the (real) President's term of office... not to exceed 12 years, (1)(A) to be kept secret in the interest of national defense. " "The term Presidential records" means ... created by the President (44 U.S.C. 2201(2)) except for (3) personal records. "The President (real President) shall take all such steps as (he may decide) may be necessary ...." (44 U.S.C. 2203(a)) and "The (real) President shall remain exclusively responsible for custody, control, and access to such Presidential records." (f) "(1) Upon the conclusion of a (real) President's term of office, ... the Archivist of the United States shall (or shall not, but has no absolute authority) assume responsibility for ... the Presidential records (not to include personal records) of that President." (S)ubject to any rights, defenses, or privileges ... Presidential (not personal records) shall (or may not) be made available.) (44 U.S.C. 2205(2)) The Archivist had not taken any purposeful steps to assist President Trump and can be assumed to have waived actions until a legitimate "President" who does not have multiple conflicts of loyalty, takes a vacant presidency, and The Archivist has some

12 years to do so.

    10, Defendant Donald Trump, given that Joseph Biden has not genuinely taken his oath, is retroactively the real President, particularly regarding Presidential records which are the subject to this frivolous prosecution.

    11, National Archives and Records Administration "NARA does not have authority to designate materials as "Presidential records." *(Judicial Watch v. National Archives*, 2012, 845 F. Supp.2d 288, D.D.C.) "The PRA incorporates an assumption made by Congress (in 1978) that subsequent Presidents … would comply with the Act in good faith, and therefore Congress limited the scope of judicial review…." (Id. 291) "(J)udicial review is not available under the PRA except in narrow circumstances. (Id. 295, 296) The PRA accords the (real) President virtually (297) complete control over his records during his time in office, 924 F.2d at 290. In particular the court stated that the President enjoys unconstrained authority to make decisions regarding the disposal of documents… neither the Archivist nor Congress has the authority to veto the President's disposal decision. Since the President is completely entrusted with the management and even the disposal of Presidential records during his time in office, it would be difficult for this Court to conclude that Congress intended that he would have less authority to do what he pleases with what he considers to be his personal records." (Id. 297) The District Court therefore lacks jurisdiction to entertain this flippant prosecution, and The Court of Appeals commits plain error in assuming judicial review when it presumes to override the PRA. (From court copy) "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and

statute which is not to be expanded by judicial decree." *Kokkonin v. Guardian Life Ins.* 511 U.S. 375, 377" (p. 2) By presuming to declare presidential records as "evidence, contraband, fruits of crime, etc." , this Court of Appeals has intruded on the authority of the Executive regarding documents, and unlawfully exceeded its authority. (Id. *Judicial Watch* 295-6)

12, There is no statute of limitations reviewable (as President Clinton had been out of office for over twelve years. (Id. 298)). Donald Trump has not been out of office, certainly not for 12 years, making even a legitimate Archivist request non-obligatory.

## PUBLIC INTEREST INFORMATION MAY BE CONSTRUCTIVELY DE-CLASSIFIED BY PUBLICATION UNDER THE FIRST AMENDMENT. PRESUMPTION OF "CLASSIFICATION" IS IRRETRIEVABLY DEFEATED BY THE SIMPLE STATE OF VISIBILITY.

13, The Supreme Court has held unconstitutional state and federal provisions that punished people (presidents) for publishing truthful information that they lawfully received, as the President did when he was (or still is) President. (*Gorin v. U.S.* 313 U.S. 19, 23, 1941) "A stranger's illegal conduct does not suffice to remove the First Amendment shield from speech about a matter of public concern." (*Bartnicki v. Vopper,* 532 U.S. 535, 2001) State (presumably federal) officials may not constitutionally punish publication of the information, absent a need to further state interest of the highest order. (*Smith v. Daily Mail,* 443 U.S. 97, 103, 1979) "The First Amendment does not permit prosecution of a journalist (President) transmitting truthful information of a public interest absent a need of the

highest order" that is "surely result in direct, immediate, and irreparable damage to our Nation or its people." (*Pentagon Papers,* 403 U.S. 713, 730, 1971)

## IN PLAIN ERROR, THIS COURT MISAPPREHENDS THAT TURNING OVER RECORDS TO THE ARCHIVIST IS OBLIGATORY, BUT IS, IN FACT, VOLUNTARY FOR UP TO AND PAST TWELVE YEARS.

14, The verbiage of this Court's decision regarding the Archivist's requests for voluntary transfer of documents impermissibly suggests that the Archivist had some sort of legal authority to command the President to comply with voluntary transfer, beginning in "January 2022", to a fictitious "deadline" in April 2022, "and the government eventually extended the (voluntary) compliance deadline to June 7, 2023." "In August 2022-- over one and-a-half years after the end of Plaintiff's presidential administration… the government sought a search warrant" (p. 5-6) for seizure of documents Mr. Trump did not turn over.

## THE SEARCH WARRANT WAS ILLEGAL.

15, "The magistrate judge issued a search warrant for the … (President's) residence, and authorized the seizure of : All physical documents and records constituting evidence, contraband, fruits of crime, or other items illegally possessed in violation of 18 U.S.C. 793.…" In fact there were no crimes regarding the President not voluntarily obeying the Archivist's illusory orders since the Archivist had no authority to command the president to voluntarily turn over any records, but could politely request same for up to 12 years, and thereafter when compliance remained

voluntary.

16, This Court has usurped the authority of the Executive without constitutional or legislative authority and impermissibly intruded on Executive authority to administer Presidential records, and in plain error lent judicial weight to the Special Prosecutor's frivolous prosecution, prejudicing the defendant.

(28 U.S.C. S. 455, see: *Cheney v. U.S.*, 541 U.S. 913; *U.S. v. Will*, 449 U.S. 200, 1980; *Laird v. Tatum*, 409 U.S. 824, 1972) (*Litkey v. U.S.* 1994, 510 U.S. 540, 548, 552, 114 S.Ct. 1147, 1154, 1155)

WHEREFORE as this court's decision is rife with plain error, it is in the interest of justice, and the right of the people to determine elections, that it be vacated.

*[signature]*

Mark Marvin
135 Mills Road
Walden, N.Y. 12586
845-778-4693
July 10, 2023

U.S. Court of Appeals, 56 Forsyth Street, NW, Atlanta, GA 30303

To:
Todd Banche, Esq. 99 Wall St., Suite 4460, New York, N.Y. 10005

Christopher M. Kise, Esq. Continental PLLC, 255 Alhambra Circle, Suite 640, Coral Gables FL 33134 (also habeas petition)

Jack Smith, Special Counsel, 950 Pennsylvania Ave, NW, Room B-206, Washington, D.C. 20530

*[signature] July 10, 2023*

(19)

MARVIN
135 MILLS ROAD
WALDEN, N.Y. 12586

Retail

U.S. POSTAGE PAID
FCM LETTER
MONTGOMERY, NY 12549
JUL 10, 2023

$0.90

R2304M113292-76

RDC 99

30303

Clerk, US Court of Appeal
56 Forsyth St. NW
Atlanta GA 30303

U.S. MARSHALS SERVICE
Atlanta, GA
JUL 13 2023

CLEARED SECURITY

U.S. MARSHALS SERVICE
Atlanta, GA
JUL 13 2023

CLEARED SECURITY